**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JIMMIE ALLEN PERKINS,

    Defendant - Appellant.

No. 19-7067
(D.C. Nos. 6:19-CV-00249-RAW &
6:03-CR-00060-RAW-SPS-2)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Jimmie Allen Perkins filed a second or successive motion under 28 U.S.C. § 2255

in the district court that had not been authorized by this court. The district court

dismissed the motion for lack of jurisdiction. We deny a certificate of appealability

("COA") and dismiss the matter.

In 2003, Perkins was convicted of several federal crimes including possession of a

firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).[1] The district court

denied his first § 2255 motion as untimely. He filed a second § 2255 motion in which he

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Perkins was also convicted of conspiracy to possess a firearm during a crime of violence, in violation of 18 U.S.C. § 924(o).

sought to challenge his § 924(c) conviction based upon the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), which invalidated the residual clause in the definition of "crime of violence" in § 924(c)(3)(B) as unconstitutionally vague. We have held that *Davis* announced a new rule of constitutional law that the Supreme Court made retroactive to cases on collateral review through the combination of its holdings in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), and *Davis*. *See In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019).

But we deny a COA because reasonable jurists would not debate whether the district court correctly dismissed Perkins' second § 2255 motion for lack of jurisdiction. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding in this context that to obtain a COA a prisoner must demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). "[A] new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" can be the basis for a second or successive § 2255 motion. § 2255(h). But § 2255(h) also makes clear that this court must first authorize such a motion before it can be filed in the district court. *See* 28 U.S.C. § 2255(h) (providing that a second or successive motion must be authorized by the court of appeals as provided in 28 U.S.C. § 2244).

Perkins has not yet filed a motion in this court seeking authorization to file a second or successive § 2255 motion based on *Davis*, and we have not authorized him to file such a motion. The district court's lack of jurisdiction to consider the merits of

2

Perkins' second § 2255 motion is therefore not debatable. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

We deny a COA and dismiss the matter. We grant Perkins' request to proceed on appeal without prepayment of fees and costs.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk